IN THE U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

GREENBOX POS, a Nevada Corporation,

    Plaintiff,

CASE NO.: 8:21-cv-0544-CEH-CPT

v.

A.M.P. OF FLORIDA INC., a Florida Corporation,

    Defendant.

_____/

## PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

The Plaintiff, GREENBOX POS ("Plaintiff" or "Greenbox"), sues the Defendant, A.M.P. OF FLORIDA INC. ("AMP Florida"), and allege as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF THE PARTIES

1. This is an action for damages that exceed SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, with respect to each Defendant, exclusive of interest and costs.

2. Plaintiff, GREENBOX POS is a Nevada Corporation with its Principal Place of Business in San Diego County, California.

3. Defendant, A.M.P. OF FLORIDA INC., is a Florida Corporation with its Principal Place of Business in Pasco County, Florida.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship.

5. All actions alleged herein that were taken by Plaintiff and/or Defendant occurred in Pasco County, Florida.

6. This Court has jurisdiction over the parties to this action.

7. Venue is proper before this Court.

## COMPLIANCE WITH CONDITIONS PRECEDENT GENERALLY

8. Plaintiff has complied with conditions precedent to the bringing of this action, or such conditions precedent have otherwise occurred, been performed, or been waived.

## FACTS GIVING RISE TO CAUSE OF ACTION

9. Plaintiff, Greenbox, is a groundbreaking technology company that builds customized payment solutions for a variety of industries.

10. Greenbox has developed substantial technology related to payment processing solutions, including Point of Sale software and hardware solutions, as well as deposit, cash and E-wallet management.

11. Defendant, AMP Florida, is in the business of being a merchant account holder, accepting third party payments from others.

12. In or about July of 2019, Plaintiff, Greenbox, entered into an oral agreement with Defendant, AMP Florida, the terms and conditions of which were as follows:

  a. Greenbox would make its E-wallet management technology available to AMP Florida;

  b. AMP Florida would then collect third party payments, utilizing Greenbox's E-wallet management technology;

  c. AMP Florida would retain a certain amount (commission) associated with each processed payment. That commission was equal to one-half of one percent (.5%) of the total transaction amount; and

  d. AMP Florida was supposed to remit the remaining transaction amount to Greenbox associated with each processed payment.

13. Plaintiff fulfilled all of its obligations under its oral agreement with AMP Florida, or stood at all material times ready to fulfill such obligations.

14. In or around August of 2019, the relationship between Greenbox and AMP Florida began to sour. By that time, in excess of $4,500,000.00 of transactions had been processed.

15. Defendant, AMP Florida, has unlawfully withheld $86,000.00 that is the property of Plaintiff, Greenbox.

16. Defendant, AMP Florida, has refused to relinquish these funds ($86,000.00) to Plaintiff, Greenbox, despite demand that AMP Florida relinquish such funds and AMP Florida having no legal entitlement to retain such funds.

17. Interest is due in this instance from Defendant, AMP Florida, at a rate equal to at least the statutory rate. Through September 30, 2020, interest has accrued in approximate amount of $6,093.39. Interest will continue to accrue all the way through judgment.

## COMPLIANCE WITH CONDITIONS PRECEDENT AND FLORIDA STATUTE § 772.11, SPECIFICALLY

18. Defendant, AMP Florida was served with a Notice and Demand Letter, pursuant to and compliant with the requirements set forth in Florida Statutes Section 772.11, on November 16, 2020.

19. The Notice and Demand Letter to AMP Florida is attached hereto as Exhibit "A."

20. Defendant, AMP Florida, failed to comply with the Notice and Demand Letter that was sent to them.

21. Thus, with respect to Plaintiff's claims for Civil Theft under Florida Statutes Section 772.11, Plaintiff has complied with all conditions precedent.

## COUNT I – BREACH OF ORAL CONTRACT

The Plaintiff adopts and realleges paragraphs 1 through 17 above and further alleges:

22. Plaintiff and Defendant AMP Florida entered into an oral agreement regarding the use of Plaintiff's E-Wallet management technology to assist Defendant AMP Florida to Process certain transactions for the benefit of both parties.

23. Plaintiff performed, or stood ready at all material times to perform, its obligations under the oral agreement.

24. Defendant, AMP Florida, has breached the oral agreement by not compensating Plaintiff the agreed upon amount of $86,000.00 for transactions that were processed by Defendant AMP Florida using Plaintiff's E-Wallet management technology.

25. Defendant's breach has caused Plaintiff damages.

WHEREFORE, Plaintiff, GREENBOX POS, seeks an order and judgment requiring Defendant, A.M.P. OF FLORIDA INC. to pay Plaintiff compensatory damages, plus pre-judgment interest, costs, and such other relief as this Honorable Court deems proper for Defendant's breaches.

## COUNT II – CONVERSION

The Plaintiff adopts and realleges paragraphs 1 through 11 above and further alleges:

26. Defendant, AMP Florida, has possession of $86,000.00 of funds.

27. Defendant, AMP Florida, came into possession of these funds in connection with business dealings between it and Plaintiff, Greenbox, whereby:

   a. Greenbox would make its E-wallet management technology available to AMP Florida;

   b. AMP Florida would then collect third party payments, utilizing Greenbox's E-wallet management technology;

   c. AMP Florida would retain a certain amount (commission) associated with each processed payment. That commission was equal to one-half of one percent (.5%) of the total transaction amount; and

   d. AMP Florida was supposed to remit the remaining transaction amount to Greenbox associated with each processed payment.

28. These funds are identifiable and belong to Plaintiff. In connection therewith, and not necessarily by way of limitation:

    a. They are funds resulting from specific transactions that were processed by Defendant, AMP Florida, using Plaintiff's E-Wallet management technology;

    b. The funds were delivered to Defendant, AMP Florida, for the specific purpose of payment of such funds, less only the Defendant's commission, to Plaintiff;

    c. The funds were to be maintained in a dedicated account for purposes of receiving funds involving the transactions between Defendant, AMP Florida, and the Plaintiff and were not to be comingled with other funds; and/or

    d. Defendant, AMP Florida, had an obligation to keep the specific funds intact or to deliver a specific fund of money to the Plaintiff.

29. Defendant, AMP Florida, has no legal right to these funds.

30. Plaintiff has demanded return of these funds to it, to no avail.

31. Defendant, AMP Florida, has wrongfully exercised dominion or control over the funds belonging to Plaintiff, Greenbox.

32. Defendant, AMP Florida, has wrongfully refused to relinquish these funds to the Plaintiff, despite Plaintiff's legal right to the receipt of same.

33. Defendant's actions have caused Plaintiff damages.

WHEREFORE, Plaintiff, GREENBOX POS, seeks an order and judgment requiring Defendant, A.M.P. OF FLORIDA INC., to pay Plaintiff compensatory damages, plus pre-judgment interest, costs, and such other relief as this Honorable Court deems proper for Defendant's actions.

## COUNT III - CIVIL THEFT

The Plaintiff adopts and realleges paragraphs 1 through 11, as well as paragraphs 18 through 21, and paragraphs 26 through 33, above and further alleges:

34. Defendant, AMP Florida, has knowingly obtained or used $86,000.00 of money

belonging to Plaintiff through the act of conversion.

35. Defendant, AMP Florida, intended to permanently deprive Plaintiff of $86,000.00 through its actions.

36. Defendant AMP Florida's, actions constitute an unlawful theft of Plaintiff's property in violation of Florida Statutes Section 812.014.

37. Plaintiff, through counsel, sent a statutory letter pursuant to Section 772.11, Fla. Stat. demanding that Defendant, AMP Florida, pay treble damages in the amount of $258,000.00 to Plaintiff in accordance with said statute.

38. To date, Defendant AMP Florida has failed to pay Plaintiff any of the monies demanded in the statutory letter.

WHEREFORE, Plaintiff, GREENBOX POS, seeks an order and judgment requiring Defendant, A.M.P. OF FLORIDA INC. to pay Plaintiff compensatory damages, including treble damages, plus pre-judgment interest and reasonable attorneys' fees and costs, pursuant to Section 772.11, Fla. Stat., and such other relief as this Honorable Court deems proper.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

## **DEMAND FOR JURY TRIAL**

The Plaintiff, GREENBOX POS, in the above styled cause hereby demands a trial by jury of all of the issues triable by right.

DATED:  March 26, 2021.

                                      By:  /s/ *Andrew M. Feldman*
                                           Andrew M. Feldman, Esquire
                                           Florida Bar No.: 161969
                                           **FELDMAN LAW**
                                           *ATTORNEY FOR PLAINTIFF*
                                           9100 S. Dadeland Blvd., Ste. 1500
                                           Miami, FL 33156
                                           Telephone: (305) 445-2005
                                           AFeldman@FeldmanLawOffices.com